# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Gary Andre Lacy, | No. CV 1-07-0381-JMR |
| Plaintiff, | **ORDER** |
| vs. | |
| H. Tyson, et al., | |
| Defendants. | |

On March 9, 2007, Plaintiff Gary Andre Lacy, who is confined in the Salinas Valley State Prison in Soledad, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. # 1). Plaintiff filed a motion to amend his Complaint on March 23, 2007, which was granted (Doc. ## 4, 10). Plaintiff filed his First Amended Complaint on March 19, 2008 (Doc. # 11). Plaintiff also filed a Motion for Defendants to Surrender Plaintiff's Legal Materials (Doc. # 13). This case was reassigned to the undersigned judge on November 24, 2008 (Doc. # 14). The Court will dismiss the First Amended Complaint with leave to amend and will deny Plaintiff's motion without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

1 | be granted, or that seek monetary relief from a defendant who is immune from such relief.
2 | 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the
3 | allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
4 | before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
5 | (*en banc*).

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed with leave to amend because the Complaint may possibly be saved by amendment.

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996). Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the nature and factual underpinnings of a plaintiff's claims.

Plaintiff's First Amended Complaint consists of 273 numbered paragraphs on 88 pages. It lists an unspecified number of claims against 11 claims against 24 named defendants. In paragraphs 29 through 241, Plaintiff describes a diary of events that occurred between December 2005 and January 2007. Plaintiff's claims for relief indiscriminately incorporate all prior paragraphs in the First Amended Complaint and cannot be understood

1 without reference to the prior factual allegations, but the claims also do not identify which of the many factual allegations apply to each specific claim. As a result, the Court cannot meaningfully review the First Amended Complaint, as required by 28 U.S.C. § 1915A(a). Accordingly, the Court will dismiss the First Amended Complaint with leave to amend.

**II.     Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Within 30 days, Plaintiff may submit a second amended complaint on the form provided with this Order. If Plaintiff fails to use the form provided with this Order, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the form provided with this Order and may not incorporate any part of the First Amended Complaint by reference.

Plaintiff must comply with the instructions provided with the form. Plaintiff should pay close attention to the instructions provided with the form. If Plaintiff fails to comply with the instructions provided with the form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Among other requirements contained in the instructions, Plaintiff must provide information in a second amended complaint regarding the Court's jurisdiction and the defendants, and he must divide his lawsuit into separate counts. In each count, Plaintiff must identify the federal constitutional civil right allegedly violated, check the box for the issue most closely involved, state how each defendant participated in the alleged violation at issue, explain how Plaintiff was injured by the alleged violation, and mark whether Plaintiff exhausted any available administrative remedies. Plaintiff must repeat this process for each civil rights claim. **Plaintiff may allege only one claim per count.**

A second amended complaint supersedes the original Complaint and First Amended Complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v.

1 Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat a prior complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in a prior complaint is waived if it is not raised in a second amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**III. Plaintiff's Motion**

Because the First Amended Complaint has been dismissed with leave to amend, thereby eliminating a live complaint, the Court will dismiss Plaintiff's motion without prejudice.

**IV. Warnings**

**A. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The First Amended Complaint (Doc. # 11) is **dismissed** for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint **in compliance with this Order**.

1     (2)    Plaintiff's Motion for Defendants to Surrender Plaintiff's Legal Materials (Doc.
2 # 13) is **denied**.

3     (3)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

4     (4)    The Clerk of Court must include with this Order a copy of this judge's required form for filing a civil rights complaint by a prisoner.

DATED this 26th day of March, 2009.

_____
John M. Roll
Chief United States District Judge

JDDL