# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gary Andre Lacy,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>H. Tyson, et al.<br><br>　　　　　　Defendants. | CASE NO. 1:07-cv-0381-JMR<br><br>**AMENDED ORDER** |

Plaintiff has filed an Amended Complaint under 42 U.S.C. § 1983 alleging civil rights violations. Defendants have filed an Answer to the Amended Complaint. The Court takes the following action in an effort to reach a full adjudication of the Amended Complaint.

**IT IS ORDERED**:

A.　If they so choose, counsel for Defendants shall depose Plaintiff, at Defendants' expense, on or before **1/12/2011**.

**IT IS FURTHER ORDERED** the following deadlines shall govern this action:

A.　Parties shall disclose a **witness list** on or before **2/11/2011**. On or before that date, the parties are directed to exchange their complete list of witnesses.

B.　All **discovery**, including depositions of parties (other than the plaintiff), witnesses and experts shall be completed by **3/18/2011**. No discovery shall take place after that date without leave of Court upon good cause shown.

C.　**Dispositive motions** shall be filed on or before **4/22/2011**.

　　1.　If a party seeks oral argument on a motion, he shall request it at the time the motion or responses are filed. *See* L.R. 78-230(m).

1

2. Pursuant to L.R. 78-230, parties may file a motion, response, and reply. No additional briefing on a motion is allowed unless leave of Court is granted. Failure to file a response may be deemed a consent to a granting of the motion. A response must be served and filed within ten (10) days of service on the motion; the moving party has five (5) days from service to serve and file a reply. Rule 56 motions for summary judgment and Rule 12(b)(1) motions to dismiss provide an exception to the above time limits: the time for a response is 45 days and the time for a reply is 20 days. Unless otherwise permitted by the Court, a motion or response, inclusive of supporting memorandum but exclusive of attachments and statement of facts, shall not exceed 17 pages; a reply shall not exceed 11 pages.

3. **Any pleading which is submitted with more than one exhibit must be accompanied by a Table of Contents. The exhibits must be indexed with tabs that correspond to the Table of Contents.** Absent exigent circumstances, the Court will not consider pleadings which do not conform to these requirements.

4. The Ninth Circuit Court of Appeals requires the Court to provide pro se prisoners with notice of the requirements of Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). Similarly, the Ninth Circuit has required notice be provided when a motion to dismiss has been filed. *See Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003).

**ACCORDINGLY**, the Court **NOTIFIES** Plaintiff as follows:

a. When a motion to dismiss pursuant to Fed.R.Civ.P. 12(b) or motion for summary judgment pursuant to Fed.R.Civ.P. 56 is filed (e.g., on the grounds that you failed to state a claim, that you did not exhaust the prison administrative remedies available to you, or that there is no material issue of factual dispute), the motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answer to interrogatories,

1  or documents, that contradict the facts shown in the defendants' declarations and documents
2  and show that you have in fact exhausted your claims. If you do not submit your own
3  evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case
4  dismissed.

5   1. The declarations or other sworn testimony setting out
6   your specific facts must be made on personal knowledge, must set forth
7   such facts as would be admissible as evidence, and must affirmatively
8   show that the affiant is competent to testify regarding the matters in the
9   declaration or other sworn testimony.

10   2. If the Court determines that any of the declarations or
11   other sworn testimony are made in bad faith, the Court may order the
12   party employing the bad faith to pay the other party for costs associated
13   with controverting that testimony, including the other party's attorney's
14   fees.

15   3. If you do not submit your own evidence in opposition to
16   the motion, the moving party's evidence might be taken as truth and
17   those claims addressed in the motion will be DISMISSED without a
18   trial. **IF THAT OCCURS, THERE WILL BE NO TRIAL ON**
19   **THOSE CLAIMS.**

20    b. **YOU SHALL FILE ANY RESPONSE TO A MOTION TO**
21  **DISMISS OR MOTION FOR SUMMARY JUDGMENT WITHIN FORTY-FIVE (45)**
22  **DAYS FROM THE DATE THE MOTION IS FILED.** If you do not respond to the
23  motion, your failure to respond can be viewed as you agreeing to the Court granting the
24  Motion. *See* L.R. 78-230(m). **IF THAT OCCURS, THOSE CLAIMS ADDRESSED IN**
25  **THE MOTION TO DISMISS WILL BE DISMISSED AND THERE WILL BE NO**
26  **TRIAL ON THOSE CLAIMS.** Any reply shall be filed within twenty (20) days from the
27  date the response is filed.
28    D. Parties and counsel shall file a **Joint Proposed Pretrial Order** within **thirty**

**(30) days after resolution of the dispositive motions** filed after the end of discovery. If no such motions are filed, a Joint Proposed Pretrial Order will be due on or before **8/19/2011**. The content of the proposed pretrial order shall include, but not be limited to, that prescribed in the **Form of Pretrial Order** attached hereto. If the parties and counsel are unable to prepare a joint proposed pretrial order, a separate proposed pretrial order shall be submitted to the Court accompanied by a statement why the preparation of the joint proposed pretrial order could not be completed through written correspondence. The parties shall also file any motions in limine no later than **8/19/2011**; responses are due within 10 days of filing the motion. **Any motions in limine and responses thereto shall be limited to a maximum of five pages**. No replies will be permitted unless otherwise ordered by the Court.

        1.     Pursuant to Federal Rule 37(c), the Court will not allow the parties to offer any exhibits, witnesses or other information that were not previously disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure or not listed in the Proposed Pretrial Order, except for good cause.

    E.    Motions for extensions of any of the deadlines set forth above shall be filed prior to the expiration of the deadline. The schedule set forth in this Order may only be modified with leave of Court and upon a showing of good cause. *See* Fed.R.Civ.P. 16(b); *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604 (9th Cir. 1992) (requiring a showing of good cause under Rule 16 to amend complaint beyond scheduling order deadline). Additionally, any motion for continuance of a discovery deadline, including a stipulation, shall set forth specifically what discovery has been conducted to date, the discovery to be completed, and the reasons why discovery has not been completed within the deadline. Although L.R. 6-144(a) permits an initial stipulation to extend deadlines without approval of the Court, the Court advises the parties that any requested extensions or stipulations submitted in this case will require approval of the Court.

    This order contemplates that each party will conduct discovery in such a manner to complete, within the deadline, any and all discovery. "Last minute or eleventh hour" discovery which results in insufficient time to undertake additional discovery and which

4

1 | requires an extension of the discovery deadline will be met with disfavor, and could result
2 | in denial of an extension, exclusion of evidence, or the imposition of other sanctions.
3 |     The parties should note that willful failure to comply with *any* of the terms of this
4 | Order, the Federal Rules of Civil Procedure or other applicable rules may result in dismissal
5 | of this action without further notice to Plaintiff, or sanctions upon Defendants. *Ferdik v.*
6 | *Bonzelet*, 963 F.2d 1258 (9th Cir. 1992), *cert. denied*, 506 U.S. 915 (1992). Plaintiff is
7 | cautioned to comply with all applicable rules of civil procedure; his *pro se* status will not
8 | excuse his noncompliance. *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987).

10 | DATED this 6th day of October, 2010.

*[signature: John M. Roll]*
John M. Roll
Chief United States District Judge

```
*                              )
                               )
         Plaintiff*,           )       CV *-* TUC JMR
                               )
    vs.                        )   **PROPOSED JOINT PRETRIAL ORDER**
                               )
*                              )
         Defendant*.           )
_____)
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Pursuant to the Scheduling Order previously entered, following is the proposed Joint Pretrial Order which shall, upon approval of the Court, become the Final Pretrial Order.

**I.**

**IDENTIFICATION OF PARTIES AND COUNSEL**

**II.**

**STATEMENT OF JURISDICTION**

Briefly state the facts and cite the statutes which give this Court jurisdiction.

# III.
# NATURE OF ACTION

Provide a concise statement of the type of case, the cause of action, and the relief sought.

# IV.
# STIPULATIONS AND UNCONTESTED FACTS


# V.
# CONTESTED ISSUES OF FACT

The following are issues of fact to be tried and determined upon trial.  Each issue of fact must be stated separately and in specific terms, followed by the parties' contentions as to each issue.

Issue:
Plaintiff(s) contends:
Defendant(s) contends:

# VI.
# RELEVANT UNCONTESTED ISSUES OF LAW

(i.e. burdens of proof; standards of review)

# VII.
# RELEVANT UNCONTESTED ISSUES OF LAW

The following are issues of law to be tried and determined upon trial.  Each issue of law must be stated separately and in specific terms, followed by the parties' contentions as to each issue.

Issue:
Plaintiff(s) contends:
Defendant(s) contends:

# VIII.
# LIST OF WITNESSES

Each party shall provide a list of witnesses intended to be called at trial.  Each

witness shall be indicated as either fact or expert. A brief statement as to the testimony of each expert witness shall also be included.

## IX.
## LIST OF EXHIBITS

Each party shall provide a list of numbered exhibits. A statement of either UNCONTESTED or CONTESTED shall follow each listed exhibit. If contested, a brief statement of the objection by the opposing party shall follow the listed exhibit.

(e.g. - 1. Laboratory Report from the Clinical Immunology Diagnostic Laboratory dated June 15, 2004. CONTESTED - Relevance, foundation and hearsay.)

## X.
## LIST OF DEPOSITIONS

Portions of depositions that will be read at trial must be listed by page and line number. A statement of either UNCONTESTED or CONTESTED shall follow. If contested, a brief statement of the objection by the opposing party shall follow the listed portion of the deposition to be offered.

## XI. MOTIONS IN LIMINE

Plaintiff(s) have filed the following Motions in Limine:

Defendant(s) have filed the following Motions in Limine:

## XII. JURY TRIAL or BENCH TRIAL
### For a Jury Trial

Trial briefs (only upon request of the Court), proposed voir dire, interrogatories to the jury, stipulated jury instructions and instructions which are not agreed upon, shall be filed 10 days prior to Trial.

### For a Bench Trial

Trial briefs (only upon request of the Court), shall be filed 10 days prior to Trial. Parties are referred to L.R. Civ. 52.1 regarding the filing of proposed findings of fact and

conclusions of law.

### XIII.  PROBABLE LENGTH OF TRIAL

### CERTIFICATION

The undersigned counsel for each of the parties in this action do hereby approve and certify the form and content of this proposed Joint Pretrial Order.

Attorney for Plaintiff(s)                               Attorney for Defendant(s)

This proposed Joint Pretrial Order is hereby approved as the Final Pretrial Order on this _____ day of _____, 2010.

JOHN M. ROLL  
Chief United States District Judge