UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY ANDRE LACY, | ) | 1:07-cv-00381-LJO-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION FOR STAY |
| | ) | (Doc. 57.) |
| vs. | ) | |
| | ) | ORDER STAYING ACTION UNTIL SEPTEMBER 1, 2011 |
| H. TYSON, et al., | ) | |
| | ) | (Doc. 59 vacated; Docs. 60 & 61 resolved.) |
| Defendants. | ) | |

Gary Andre Lacy ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on the Second Amended Complaint, filed on April 28, 2009, against defendants Correctional Officers R. Reyna, T. Reyna, and N. Correa; Correctional Sergeants J. Peacock, M. Bremnar, and M. Brookwalter; Captain H. Tyson; Medical Technician Assistant (MTA) Aspeitia; and Doctor I. Patel; on Plaintiff's claims for excessive force, retaliation, and deliberate indifference to serious medical needs.[1]

On January 25, 2011, defendants filed a motion for stay of this action pursuant to the Servicemembers' Civil Relief Act, 50 App. U.S.C. § 501, *et seq*. (Doc. 57.) The purposes of the Servicemembers' Civil Relief Act ("Act") are: "(1) to provide for, strengthen, and expedite the national

---

[1] Defendants Dill and Heanacho were dismissed by the Court on August 27, 2009. (Doc. 17.) Plaintiff's claims for equal protection, and for retaliation against defendant Dill, were also dismissed by the Court, for failure to state a claim. Id.

1

defense through protection extended by this Act [said sections] to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and (2) to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 App. U.S.C. § 502. The Act applies to active duty servicemembers who are "member[s] of the Army, Navy, Air Force, Marine Corps, or Coast Guard," and to "any judicial or administrative proceeding commenced in any court or agency in any jurisdiction subject to this Act." 50 U.S.C. §§ 511(2)(A)(i), 512(b). Under the Act, "the court may on its own motion and shall, upon application by the servicemember, [or the servicemember's attorney,] stay the action for a period of not less than 90 days, if" the servicemember is in military service and has received notice of the action" and the application includes the following: "(A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear; and (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter." 50 U.S.C. §§ 519, 522(a),(b).

Defendants have submitted the required application, together with a declaration by defendants' counsel William P. Brodbeck and a letter from Commanding Officer W. R. Triplett II. Defendants assert that defendant T. Reyna was called to active duty by the United States Army on July 2, 2010, is currently stationed in Iraq, and will remain under military orders until sometime in August 2011. (Brodbeck Decl. §6, Exh. A.) Defendants argue that this action should be temporarily stayed because defendant T. Reyna is unable to participate in his defense, respond to discovery, or otherwise appear in this action while on active military duty. (Id. §§ 5-8.) Defendant T. Reyna's commanding officer, W. R. Triplett II, confirms that defendant has not been authorized for military leave, will remain on military orders until August 2011, and is prevented by his military obligations from appearing in court proceedings between July 2, 2010 and sometime in August 2011. (Exh. A. to Brodbeck Decl.) Defendants' argument has merit, and the motion for stay shall be granted.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion for stay of this action, filed on January 25, 2011, is GRANTED;
2. This action is STAYED for all purposes until September 1, 2011;
3. The Court's scheduling order of September 14, 2010, and any deadlines established therein, are VACATED;
4. The Court's amended scheduling order of October 7, 2010, and any deadlines established therein, are VACATED;
5. Discovery in this action is STAYED until the Court issues a new scheduling order;
6. Plaintiff's motion to compel, filed February 8, 2011, is VACATED from the Court's calendar until discovery is resumed;
7. Defendants' motion for extension of time to respond to Plaintiff's request for production, filed on February 10, 2011, is RESOLVED by this order;
8. Defendants' motion to modify the scheduling order and request for extension of time to respond to Plaintiff's motion to compel, filed on February 10, 2011, are RESOLVED by this order; and
9. The Court shall issue a new scheduling order in this action after September 1, 2011.

IT IS SO ORDERED.

**Dated:   February 14, 2011**              /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE