1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT

8          EASTERN DISTRICT OF CALIFORNIA

9

10   GARY ANDRE LACY,                    )          1:07-cv-00381-LJO-GSA-PC
                                         )
11              Plaintiff,               )          ORDER TO SHOW CAUSE WHY
                                         )          DEFENDANT R. REYNA SHOULD NOT
12        vs.                            )          BE DISMISSED FROM THIS ACTION
                                         )
13   H. TYSON, et al.,                   )          THIRTY DAY DEADLINE FOR
                                         )          PLAINTIFF TO RESPOND
14              Defendants.              )
                                         )
15   _____)

16          Gary Andre Lacy ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action

17   pursuant to 42 U.S.C. § 1983.  This action now proceeds on the Second Amended Complaint, filed on

18   April 28, 2009, against defendants Correctional Officers R. Reyna, T. Reyna, and N. Correa;

19   Correctional Sergeants J. Peacock, M. Bremnar, and M. Brookwalter; Captain H. Tyson; Medical

20   Technician Assistant (MTA) Aspetitia; and Doctor I. Patel; on Plaintiff's claims for excessive force,

21   retaliation, and deliberate indifference to serious medical needs.[1]

22          On October 19, 2009 and January 21, 2011, the Court issued orders directing the United States

23   Marshal ("Marshal") to serve process upon defendants in this action.  (Docs. 23, 55.)  On March 31,

24   2011, the Marshal returned the USM-285 Form for defendant R. Reyna with a notation that the facility

25   reported that defendant R. Reyna is deceased.  (Doc. 67.)  Plaintiff was informed more than 90 days ago

26   _____

27          [1]Defendants Dill and Heanacho were dismissed by the Court on August 27, 2009.  (Doc. 17.)  Plaintiff's claims for
     equal protection, and for retaliation against defendant Dill, were also dismissed by the Court, for failure to state a claim.  Id.

28                                              1

1   of the Marshal's notice that defendant R. Reyna is deceased.  (Doc. 68.)  Plaintiff has not moved to

2   substitute defendant R. Reyna's estate as a party.[2]  Fed. R. Civ. P. 25(a)(1).

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

8   Fed. R. Civ. P. 4(m).

9   In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the

10   Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2).  "'[A]n incarcerated pro se

11   plaintiff proceeding in forma pauperis is entitled to rely on the U. S. Marshal for service of the summons

12   and complaint and ... should not be penalized by having his action dismissed for failure to effect service

13   where the U. S. Marshal or the court clerk has failed to perform his duties.'"  Walker v. Sumner, 14 F.3d

14   1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated

15   on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the

16   information necessary to identify the defendant, the marshal's failure to effect service is 'automatically

17   good cause . . . .'"  Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th

18   Cir.1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient

19   information to effect service of the summons and complaint, the Court's sua sponte dismissal of the

20   unserved defendants is appropriate.  Walker, 14 F.3d at 1421-22.

21   In this instance, Plaintiff has not moved to substitute defendant R. Reyna's estate as a defendant.

22   Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why

---

[2]Rule 25(a)(1) of the Federal Rule of Civil Procedure provides: "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.  The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district.  Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of statement of the fact of the death as provided for herein for the service of the motion, the action shall be dismissed as to the deceased party." Fed. R. Civ. P. 25(a)(1).

2

defendant R. Reyna should not be dismissed, without prejudice, on the ground that the Marshal was unable to serve defendant R. Reyna based on the information provided by Plaintiff.  Failure to do so will result in the dismissal of defendant R. Reyna as a defendant in this action.

**III.    CONCLUSION**

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why defendant R. Reyna should not be dismissed from this action; and

2.    The failure to respond to this order or the failure to show cause will result in a recommendation that defendant R. Reyna be dismissed  from this action.

IT IS SO ORDERED.

**Dated:    September 7, 2011          /s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

3