UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY ANDRE LACY, | ) | 1:07-cv-00381-LJO-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER DISCHARGING ORDER TO SHOW CAUSE |
| | ) | (Doc. 74.) |
| vs. | ) | |
| | ) | |
| H. TYSON, et al., | ) | ORDER GRANTING PLAINTIFF THIRTY DAYS TO FILE RULE 25 MOTION |
| | ) | |
| Defendants. | ) | |
| | ) | |

Gary Andre Lacy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on the Second Amended Complaint, filed on April 28, 2009, against defendants Correctional Officers R. Reyna, T. Reyna, and N. Correa; Correctional Sergeants J. Peacock, M. Bremnar, and M. Brookwalter; Captain H. Tyson; Medical Technician Assistant (MTA) Aspetitia; and Doctor I. Patel; on Plaintiff's claims for excessive force, retaliation, and deliberate indifference to serious medical needs.[1]

On March 31, 2011, the Marshals Service notified the Court that they were unable to serve process on defendant R. Reyna because the defendant is deceased. (Doc. 67.) On September 7, 2011, the Court issued an order requiring Plaintiff to show cause why defendant R. Reyna should not be

---

[1] Defendants Dill and Heanacho were dismissed by the Court on August 27, 2009. (Doc. 17.) Plaintiff's claims for equal protection, and for retaliation against defendant Dill, were also dismissed by the Court, for failure to state a claim. Id.

1

1 dismissed from this action based on failure to serve process. (Doc. 74.) On October 3, 2011, Plaintiff
2 filed a response to the order, objecting to the dismissal of defendant R. Reyna and requesting thirty days
3 in which to file and serve a Rule 25 motion substituting defendant R. Reyna's estate as defendant. (Doc.
4 80.)

5       Good cause appearing, Plaintiff shall be granted thirty days to file a Rule 25 motion. Rule
6 25(a)(1) of the Federal Rules of Civil Procedure provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of statement of the fact of the death as provided for herein for the service of the motion, the action shall be dismissed as to the deceased party.

12 Fed. R. Civ. P. 25(a)(1). Under Rule 25(a)(1), any party may file a motion for substitution, which must
13 be served on all parties as provided in Rule 5 and upon persons not parties in the manner provided in
14 Rule 4 for the service of a summons. Thus, parties may be served by service on their attorney, Fed. R.
15 Civ. P. 5(b), but non-party successors or representatives of the deceased party must be served in the
16 manner provided by Rule 4 for the service of a summons. See Barlow v. Ground, 39 F.3d 231, 232-234
17 (9th Cir. 1994).

18       To proceed with a motion for substitution, Plaintiff must provide proof of service of the motion
19 for substitution upon the other parties to this action and the successors or representatives of R. Reyna,
20 as required by Rule 25(a)(1). Plaintiff requests assistance by the Legal Affairs Division of the California
21 Department of Corrections and Rehabilitation ("CDCR") and the United States Marshal in identifying
22 and serving the successors or representatives of defendant R. Reyna's estate. However, such assistance
23 is not a function of the Legal Affairs Division of the CDCR or the United States Marshals Service, and
24 it is Plaintiff's responsibility to identify and locate R. Reyna's heirs or representatives. Plaintiff is also
25 responsible to arrange for service of the motion for substitution. Plaintiff's in forma pauperis status does
26 not entitle him to assistance free of charge by the United States Marshal for service of the motion for
27 substitution.

28

Plaintiff shall be granted thirty days in which to file and serve a Rule 25 motion pursuant to this order. Failure to do so will result in the dismissal of defendant R. Reyna from this action without further notice.

### III. CONCLUSION

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Court's order to show cause, entered on September 9, 2011, is DISCHARGED;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file and serve a Rule 25 motion; and
3. Plaintiff's failure to file a Rule 25 motion pursuant to this order will result in the dismissal of defendant R. Reyna from this action without further notice.

IT IS SO ORDERED.

**Dated:** **October 5, 2011**         /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE