UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY ANDRE LACY, | ) | 1:07-cv-00381-LJO-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTIONS TO |
| | ) | MODIFY SCHEDULING ORDER |
| vs. | ) | |
| | ) | (Doc. 85, 97.) |
| H. TYSON, et al., | ) | |
| | ) | **New Discovery Deadline -          03-15-2012** |
| | ) | **New Dispositive Motions Deadline - 05-16-2012** |
| Defendants. | ) | |

Gary Andre Lacy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on the Second Amended Complaint, filed on April 28, 2009, against defendants Correctional Officers R. Reyna, T. Reyna, and N. Correa; Correctional Sergeants J. Peacock, M. Bremnar, and M. Brookwalter; Captain H. Tyson; Medical Technician Assistant (MTA) Aspetitia; and Doctor I. Patel; on Plaintiff's claims for excessive force, retaliation, and deliberate indifference to serious medical needs.[1]

On October 11, 2011, Plaintiff filed a motion to extend the discovery deadline for this action. (Doc. 85.) On December 7, 2011, Defendants filed a motion to modify the scheduling order. (Doc. 97.)

///

---

[1] Defendants Dill and Heanacho were dismissed by the Court on August 27, 2009. (Doc. 17.) Plaintiff's claims for equal protection, and for retaliation against defendant Dill, were also dismissed by the Court, for failure to state a claim. Id.

1

A court may modify a scheduling order for good cause. Fed. R. Civ. P 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." <u>Johnson</u>, 975 F.2d at 609. To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. <u>Id.</u>

Plaintiff seeks a ninety-day extension of the discovery deadline which was established by the court's scheduling order of September 7, 2011. (Doc. 73.) The current deadline for the parties to complete discovery, including motions to compel, is December 15, 2011. Plaintiff requests an extension of the deadline because, despite his diligence, he has been unable to complete discovery. Plaintiff cites delays caused by Defendants' inadequate responses to his interrogatories, and extensions of time requested by Defendants to respond to Plaintiff's interrogatories and other discovery requests. (Plaintiff's Declaration, Doc. 85, ¶¶3-6.) Plaintiff also notes that he filed a motion to compel which remains pending on the court's calendar.

Defendants request sixty days in which to depose Plaintiff, in light of the fact that defendant Aspetia was recently served with process and recently answered the Second Amended Complaint. Defendants argue that the scheduling order should be modified to allow defendant Aspetia ample time to participate in discovery.

The court finds that good cause has been presented by Plaintiff and Defendants to modify the scheduling order. Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to extend the discovery deadline in this action, is GRANTED;
2. Defendants motion to modify the court's scheduling order of September 7, 2011, is GRANTED;
3. The deadline for all parties to this action to complete discovery, including motions to compel, is extended to **March 15, 2012**;
4. The deadline for all parties to this action to file pretrial dispositive motions is extended to **May 16, 2012**; and

///

5. All other provisions of the court's scheduling order of September 7, 2011, remain the same.

IT IS SO ORDERED.

Dated:   **December 8, 2011**                    /s/ **Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE