# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ANDRE LACY, | 1:07-cv-00381-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING REQUEST FOR SUBPOENAS, WITHOUT PREJUDICE TO RENEWAL WITHIN THIRTY DAYS (Doc. 89.) |
| v. | |
| H. TYSON, et al., | THIRTY DAY DEADLINE |
| Defendants. | |

Gary Andre Lacy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on the Second Amended Complaint, filed on April 28, 2009, against defendants Correctional Officers R. Reyna, T. Reyna, and N. Correa; Correctional Sergeants J. Peacock, M. Bremnar, and M. Brookwalter; Captain H. Tyson; Medical Technician Assistant (MTA) Aspeitia; and Doctor I. Patel; on Plaintiff's claims for excessive force, retaliation, and deliberate indifference to serious medical needs.[1]

On October 27, 2011, Plaintiff filed a request seeking the issuance of three blank subpoenas commanding non-parties to produce documents. (Doc. 89.) For the reasons set forth below, Plaintiff's present request is denied, without prejudice to renewal of the request within thirty days.

---

[1] Defendants Dill and Heanacho were dismissed by the Court on August 27, 2009. (Doc. 17.) Plaintiff's claims for equal protection, and for retaliation against defendant Dill, were also dismissed by the Court, for failure to state a claim. Id.

1   Subject to certain requirements set forth herein, Plaintiff is entitled to the issuance of
2   subpoenas commanding the production of documents from non-parties, and to service of the
3   subpoenas by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court
4   will consider granting such a request *only if* the documents sought from the non-parties are not
5   equally available to Plaintiff and are not obtainable from Defendants through a request for
6   production of documents. Fed. R. Civ. P. 34. Plaintiff has not indicated which documents he seeks
7   or demonstrated that he made a request for production of those documents to Defendants.

8   If Plaintiff chooses, he may file another request for the issuance of subpoenas within thirty
9   days that (1) identifies with specificity the documents sought and from whom, and (2) makes a
10  showing in the motion that the records are only obtainable through that third party. Also, documents
11  requested must fall within the scope of discovery allowed in this action.[2]

12  The time for conducting discovery in this action, including filing motions to compel, expired
13  on March 15, 2012. Therefore, if Plaintiff chooses to file another request for subpoenas pursuant
14  to this order, he should also file a motion to reopen discovery for this limited purpose. Plaintiff
15  should note that although he has been granted leave to file another request for subpoenas, he does
16  not have leave to make other discovery requests, or file a motion to compel, at this juncture.

17  For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's request for the
18  issuance of subpoenas, filed on October 27, 2011, is DENIED, without prejudice to renewal of the
19  request within thirty days from the date of service of this order, as instructed by this order.

21  IT IS SO ORDERED.

22  Dated:   **March 26, 2012**            /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE

---

[2] Under Rule 26(b) of the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

2