UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY ANDRE LACY, | ) | 1:07-cv-00381-LJO-GSA-PC |
| Plaintiff, | ) ) | ORDER DIRECTING THE UNITED STATES MARSHAL TO PROVIDE FURTHER EVIDENCE WITH REGARD TO SERVICE UPON DEFENDANT R. REYNA, WITHIN THIRTY DAYS (Doc. 67.) |
| vs. | ) ) ) | |
| H. TYSON, et al., | ) ) | |
| Defendants. | ) ) ) | ORDER FOR CLERK TO SERVE THIS ORDER ON THE MARSHAL |

Gary Andre Lacy ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 9, 2007. (Doc. 1.) This action now proceeds on the Second Amended Complaint, filed on April 28, 2009, against defendants Correctional Officers R. Reyna, T. Reyna, and N. Correa; Correctional Sergeants J. Peacock, M. Bremnar, and M. Brookwalter; Captain H. Tyson; Medical Technician Assistant (MTA) Aspetitia; and Doctor I. Patel; on Plaintiff's claims for excessive force, retaliation, and deliberate indifference to serious medical needs.[1]  (Doc. 16.)

On October 19, 2009 and January 21, 2011, the Court issued orders directing the United States Marshal ("Marshal") to serve process upon defendants in this action. (Docs. 23, 55.) On March 31,

---

[1] Defendants Dill and Heanacho were dismissed by the Court on August 27, 2009. (Doc. 17.) Plaintiff's claims for equal protection, and for retaliation against defendant Dill, were also dismissed by the Court, for failure to state a claim. Id.

1

2011, the Marshal filed a return of service for defendant C/O R. Reyna, with notice that the Marshal was unable to serve defendant C/O R. Reyna because he is deceased, as reported by Kern Valley State Prison. (Doc. 67.)

The Court now requires evidence of the date of C/O R. Reyna's death. Therefore, in connection with the return of service of process upon defendant C/O R. Reyna in this action, the Marshal shall be directed to obtain and file documentary evidence providing the date of C/O R. Reyna's death, within thirty days. Such evidence may include a death certificate or a declaration signed under penalty of perjury.

Accordingly, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, the Marshal is directed to obtain and file documentary evidence providing the date of defendant C/O R. Reyna's death, as directed by this order;

2. The Marshal shall command all necessary assistance from the California Department of Corrections and Rehabilitation (CDCR) and, if needed, the Legal Affairs Division of the CDCR, to execute this order; and

3. The Clerk is directed to serve a copy of this order on the United States Marshals Service in Sacramento, California.

IT IS SO ORDERED.

Dated:   **April 19, 2012**               /s/ **Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE

2