# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ANDRE LACY,      ) | 1:07-cv-00381-LJO-GSA-PC |
|      ) | |
|      ) | ORDER GRANTING IN PART PLAINTIFF'S |
|     Plaintiff,   ) | MOTION TO COMPEL RESPONSES TO |
|      ) | REQUEST FOR PRODUCTION OF |
| vs.      ) | DOCUMENTS |
|      ) | (Doc. 99.) |
| H. TYSON, et al.,      ) | |
|      ) | THIRTY DAY DEADLINE FOR DEFENDANTS |
|      ) | BREMNER, BROOKWALTER, CORREA, |
|     Defendants.   ) | PEACOCK, T. REYNA, AND TYSON TO |
|      ) | RESPOND TO REQUESTS NOS. 4, 7, 8, AND 9, |
|      ) | AS INSTRUCTED BY THIS ORDER |
|      ) | |
| _____ ) | ORDER CLOSING DISCOVERY |

## I.       RELEVANT PROCEDURAL HISTORY

Gary Andre Lacy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds on the Second Amended Complaint, filed on April 28, 2009, against defendants Correctional Officers ("C/O") R. Reyna, T. Reyna, and N. Correa; Correctional Sergeants ("Sgt.") J. Peacock, M. Bremnar, and M. Brookwalter; Captain ("Cptn.") H. Tyson; Medical Technician Assistant ("MTA") Aspeitia; and Doctor I. Patel; on Plaintiff's claims for excessive force, retaliation, and deliberate indifference to serious medical needs.[1]  (Doc. 16.)

---

[1] On August 27, 2009, the Court dismissed Plaintiff's equal protection claim from this action based on Plaintiff's failure to state a claim.  (Doc. 17.)  The Court also dismissed defendants Dill and Heanacho from this action based on Plaintiff's failure to state any claims against them.  Id.  To date, defendant R. Reyna has not been served with process.  (Doc. 67.)

1    On October 7, 2010, the Court issued a Scheduling Order establishing a deadline of March

2  18, 2011, for the parties to complete discovery.[2]  (Doc. 36.)  On December 7, 2011, Plaintiff filed a

3  motion to compel production of documents.  (Doc. 99.)  On February 1, 2012, Defendants filed an

4  opposition to the motion.  (Doc. 105.)  Plaintiff did not file a reply.  Plaintiff's motion to compel is

5  now before the Court.

6  **II.    PLAINTIFF'S ALLEGATIONS AND CLAIMS**

7          **Allegations in the Second Amended Complaint**

8          In the Second Amended Complaint, Plaintiff sues officers and medical personnel employed

9  at Kern Valley State Prison (KVSP) when Plaintiff was incarcerated there.  Plaintiff alleges the

10  following facts. On January 27, 2006, defendant C/O R. Reyna approached Plaintiff during chow and

11  demanded that Plaintiff leave his food at the table and exit the dining hall.  Once outside, C/O R.

12  Reyna cuffed Plaintiff and slammed his face into the brick wall several times.  C/O R. Reyna then

13  stated, "write this one up too[,]" referring to the fact that Plaintiff previously filed a complaint against

14  C/O R. Reyna for misconduct.  C/O R. Reyna then twisted Plaintiff's hands and arms above his head,

15  causing severe pain.  C/O R. Reyna then escorted Plaintiff to the program office to be assaulted

16  further by other officers.  Once Plaintiff was inside the program office, he was "shoved" inside the

17  holding cage and strip searched.  Defendants C/O R. Reyna and C/O Correa "twisted and jerked"

18  Plaintiff's arms high in the air, causing pain.  Plaintiff then told defendants Sgt. Peacock, Sgt.

19  Bremnar, Sgt. Brookwalter, and C/O T. Reyna that he was just assaulted.  Defendant Cptn.Tyson was

20  notified of Plaintiff's allegation and, while Cptn. Tyson stood in the hallway "supervising," Plaintiff

21  was slammed into the walls and to the ground by Sgt. Peacock, Sgt. Bremnar, Sgt. Brookwalter, C/O

22  R. Reyna, and C/O T. Reyna.  Sgt. Brookwalter, Sgt. Bremnar, C/O R. Reyna, and C/O T. Reyna then

23  dragged Plaintiff out of the holding cage by his hands and arms across the ground into the hallway

24  where Plaintiff was hoisted into the air and carried across the yard.  Sgt. Brookwalter, Sgt. Bremnar,

25

26

27          [2]The deadline for the completion of discovery, including the filing of motions to compel, was subsequently
extended twice, and the current deadline expired on March 15, 2012.  (Docs. 73, 98.)

28

1  C/O R. Reyna, and C/O T. Reyna dropped Plaintiff on his torso in front of housing unit #3.  While

2  Plaintiff was on the ground, Sgt. Brookwalter twisted Plaintiff's shoulder and left arm back and

3  upwards, as Sgt. Bremnar pinned Plaintiff's right arm against the concrete and C/O R. Reyna and C/O

4  T. Reyna pressed their knees into Plaintiff's legs and lower back.  Sgt. Brookwalter then ordered

5  Plaintiff to stand while violently twisting Plaintiff's arm.  Sgt. Bremnar lifted Plaintiff up and he was

6  carried to his housing unit where he was sent face first through the open hall window and punched

7  in the ribs by C/O R. Reyna. Plaintiff was then forced into his cell.

8        Plaintiff sought medical treatment, but Cptn. Tyson, Sgt. Peacock, Sgt. Brookwalter, Sgt.

9  Bremnar, and MTA Aspeitia denied his requests.  Plaintiff's cell mate noticed Plaintiff's injuries and

10 alerted prison officials. Plaintiff was seen by Dr. Akanno (not a defendant) who determined Plaintiff

11 needed x-rays and other treatment as a result of the assault. MTA Aspeitia told Plaintiff the reason

12 she refused to provide Plaintiff with medical treatment was because he was a rat and lived on a

13 protective custody yard.

14       On January 30, 2006, Plaintiff's mother began calling the KVSP ombudsman and Warden to

15 find out why no incident or use of force reports were filed in connection with the January 27, 2006

16 incident. Cptn. Tyson then called Plaintiff into a meeting where Plaintiff told Tyson that he saw him

17 in the hallway watching as he was being assaulted and asked Tyson why no investigation was taking

18 place. Cptn. Tyson sent Plaintiff back to his cell.

19       On February 1, 2006, Plaintiff filed another staff complaint against C/O R. Reyna, C/O T.

20 Reyna, C/O Heanacho, C/O Correa, Cptn. Tyson, Sgt. Brookwalter, and Sgt. Bremnar for the January

21 27 assaults.  Plaintiff was subsequently transferred to administrative segregation, where he

22 unsuccessfully sought medical treatment for his injuries.  Plaintiff filed medical appeals, but

23 defendant Dr. Patel refused to intervene or to ensure Plaintiff received appropriate treatment. On May

24 11, 2006, defendant Chief Deputy Dill informed Plaintiff that his staff complaint was granted and

25 extended his placement in administrative segregation without a rules violation report.  Plaintiff

26 remained in administrative segregation from February 2, 2006 until June 23, 2006 (141 days).

27       Plaintiff requests monetary damages.

28

1

**Plaintiff's Claims**

2       Plaintiff now proceeds on claims for excessive force, retaliation, and deliberate indifference

3   to serious medical needs.

4                          ***Eighth Amendment Excessive Force Claim***

5       Plaintiff claims that defendants R. Reyna, Correa, Peacock, Bremnar, Brookwalter, T. Reyna,

6   and Tyson used excessive force against him in violation of his Eighth Amendment rights.  "What is

7   necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the

8   Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8

9   (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive

10  to contemporary standards of decency."  Id. (internal quotation marks and citations omitted).  The

11  malicious and sadistic use of force to cause harm always violates contemporary standards of decency,

12  regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d

13  623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of

14  force, not *de minimis* injuries)).  However, not "every malevolent touch by a prison guard gives rise

15  to a federal cause of action."  Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual

16  punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force,

17  provided that the use of force is not of a sort 'repugnant to the conscience of mankind."  Id. at 9-10

18  (internal quotations marks and citations omitted).

19      "[W]henever prison officials stand accused of using excessive physical force in violation of

20  the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied

21  in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

22  Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper

23  to evaluate the need for application of force, the relationship between that need and the amount of

24  force used, the threat reasonably perceived by the responsible officials, and any efforts made to

25  temper the severity of a forceful response."  Id.  (internal quotation marks and citations omitted).

26  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."

27  Id.

28

4

1

### *First Amendment Retaliation Claim*

2    Plaintiff claims that defendant R. Reyna retaliated against him for filing a staff complaint, in

3  violation of his First Amendment rights. "Within the prison context, a viable claim of First

4  Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some

5  adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such

6  action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

7  reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th

8  Cir. 2005) (quotation marks omitted); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

9

### *Eighth Amendment Medical Claim*

10    Plaintiff claims that defendants Tyson, Peacock, Brookwalter, Bremnar, Aspeitia, and Patel

11  were deliberately indifferent to Plaintiff's serious medical needs when they knew that Plaintiff

12  required treatment after the January 27, 2006 assaults but failed to take any action.  "[T]o maintain

13  an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate

14  indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting

15  Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)).   The two-part test for deliberate

16  indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure

17  to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton

18  infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett,

19  439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

20  other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal

21  quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to

22  a prisoner's pain or possible medical need, and harm caused by the indifference."   Id. (citing

23  McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials

24  deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which

25  prison physicians provide medical care." Id.   Where a prisoner is alleging a delay in receiving

26  medical treatment, the delay must have led to further harm in order for the prisoner to make a claim

27  ///

28

of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

## III.   MOTION TO COMPEL

### A.   Federal Rules of Civil Procedure 26(b), 34, and 37(a)

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if

///

the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev., 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 81 F.R.D. at 472. Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

A.    **Plaintiff's Motion**

Plaintiff seeks an order compelling defendants Bremner, Brookwalter, Peacock, Correa, T. Reyna, and Tyson ("Defendants") to produce documents in response to Plaintiff's Request for Production of Documents Nos. 3, 4, 7, 8, 9, and 11. On January 5, 2011, Plaintiff served identical

1 | sets of his Request for Production upon Defendants.  (Declaration of Gary Lacy ("Lacy Decl."), Doc.

2 | 99 at 12 ¶2 and Exhs. A-F.)  On November 18, 2011, Defendants served responses to Plaintiff's

3 | Requests.  (Id. ¶4 and Exhs. G-L.)  Each of the Defendants raised identical objections and provided

4 | identical responses to each of Plaintiff's six Requests at issue.  (Motion, Doc. 99 at 3 fn.1.)  Plaintiff

5 | addresses each of the six Requests only once, applicable to the identical responses made by all of the

6 | Defendants.

7 | The Court shall separately address each of the six Requests for Production at issue.

8 | > **REQUEST FOR PRODUCTION (RFP) NO. 3:**

9 | Copies of the KVSP Facility-C Log Book dated January 27, 2006.

10 | **RESPONSE TO RFP NO. 3:**

11 | Defendant objects to this request on the grounds that this request is vague, ambiguous,

12 | and overbroad because it is unclear if Plaintiff is requesting log book entries for that

13 | date, or for a copy of the log book records up to that day.  Defendant further objects

14 | that Plaintiff's request is not calculated to lead to the discovery of admissible

15 | evidence.  Notwithstanding Defendant's objections, a "Facility C log book," does not

16 | exist.  While informal logs of various buildings within Facility C are sometimes

17 | created, they are not kept in the ordinary course of business and are not subject to a

18 | retention schedule by CDCR policy.

19 | **Arguments**

20 | Plaintiff contends that he clearly requested copies of KVSP Facility-C log book entries for

21 | January 27, 2006 only, a request that was clear and limited in scope.  Plaintiff disagrees with

22 | Defendants' statement that the log books do not exist, arguing that CDCR Operations Manual [DOM]

23 | § 51060.1 requires prison officials to maintain such chronological logs.

24 | Defendants argue that while they do not have possession, custody, or control of a "KVSP

25 | Facility-C Log Book" and do not keep formal logs of C Facility in the ordinary course of business,

26 | they do possess floor officer logs for Facility B Administrative Segregation, where Plaintiff was

27 | housed in on January 27, 2006.  Defendants provide copies of the logs, with confidential information

28 |

1    concerning other inmates redacted.  (Doc. 105, Attachment 1.)  Defendants assert that they will file

2    the unredacted document under seal if the Court so orders.

3        **Discussion**

4        Plaintiff did not reply to Defendants' opposition and has not indicated whether the pages

5    provided by Defendants from the Facility B Administrative Segregation log book contain the

6    information sought by Plaintiff in RFP 3.  The Court finds that Defendants have made a good faith

7    effort to produce the documentation requested in this RFP without revealing confidential information

8    concerning other inmates.  Therefore, Defendants are not required to provide any further response to

9    RFP 3.

10   >    **RFP NO. 4:**

11       Copies of the KVSP Facility-B Administrative Segregation (AD-SEG) log books from

12       December 2005 to March 2008, which document daily inmate movement into, and out of, the

13       AD-SEG housing unit where Plaintiff was housed.

14           **RESPONSE TO RFP NO. 4:**

15           Defendant objects to this request on the grounds that this request is overbroad,

16           burdensome and oppressive because it includes all log books from December 2005 to

17           March 2008.  The logs are voluminous because they contain entry and exit data for all

18           inmates, staff, and third parties.  Since the logs contain medical information and other

19           confidential information, production would require significant redactions and many

20           copies.  Defendant objects that the request is vague and ambiguous because it does not

21           specify which Unit's Administrative Segregation log books he is seeking, or if he is

22           seeking that unit's control booth log, floor officer log, or an entry-and-exit log.

23           Defendant further objects on the grounds that it is overbroad, vague and seeks

24           information that is not relevant to Plaintiff's claim nor is it calculated to lead to the

25           discovery of admissible evidence because it seeks log books for periods of time that

26           are not relevant to Plaintiff's allegations of excessive force that occurred on January

27           27, 2006.  Defendant further objects on the grounds that disclosure of the information

28

requested would violate the right of privacy of other inmates.  Defendant further objects on the grounds that this request seeks information which may contain information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, (2) jeopardize the security of the institution, or (3) contain information that is deemed confidential by another governmental agency.  Defendant further objects to the disclosure of confidential information on the grounds that an inmate shall not have access to information designated confidential.  Cal. Code Regs. tit. 15, § 3370(d).  Notwithstanding Defendant objections, administrative segregation log books are kept in the ordinary course of business.  However, Defendants cannot produce the documents for the dates that Plaintiff requests because of the objections noted above.

**Arguments**

Plaintiff argues that Defendants' objections are "the result of gamesmanship and wordplay." (Doc. 99 at 7:24-25.)  Plaintiff contends that his requests, for the log book entries from the unit where he was housed while he was housed there, are limited in time and scope and are not vague or ambiguous. Plaintiff argues that the information is relevant because he seeks documents showing that he was prevented from attending physical therapy appointments while he was housed in segregation, and did not refuse these appointments as alleged by defendant Patel.  Plaintiff asserts that he further wishes to establish a pattern of inmates being denied access to their medical appointments in that particular segregation unit.  Plaintiff takes issue with Defendants' objection on the ground that the documents requested are confidential, because they can redact the confidential information and permit inspection of the remaining parts, pursuant to Rule 34(b).

Defendants respond that notwithstanding their objections, with the clarification provided by Plaintiff, they do possess the floor officer logs for the building Plaintiff was housed in on January 27, 2006, and they have provided these documents, with confidential information redacted, as Attachment 1 to their opposition.  (Doc. 105, Attachment 1.)  Defendants assert that after reasonable inquiry, they are unaware of the existence of sign in/out logs for medical staff on January 27, 2006.  With respect to Plaintiff's request for the log books from December 2005 to March 2008, Defendants admit that

10

1  they exist but argue that the documents are voluminous and contain confidential information, and that

2  production would require significant redactions and many copies.  (Declaration of W. Adams, Doc.

3  105-2 ¶5.)

4  **Discussion**

5      This case now proceeds on Plaintiff's allegations in the Second Amended Complaint

6  ("2ACP") filed on April 28, 2009, against Defendants for use of excessive physical force, inadequate

7  medical care, and retaliation.  Plaintiff alleges that beginning on January 27, 2006, after he was

8  assaulted, he was denied medical treatment and did not receive adequate medical care while housed

9  in administrative segregation, despite requesting medical attention on several occasions.  Plaintiff

10  alleges that on May 31, 2006, defendant Patel "told Plaintiff he had been ducated for treatment of his

11  injuries, but he refused treatment on April 3, 2006 and April 10, 2006, but Plaintiff never refused."

12  (2ACP at 7:9-11.)  Plaintiff also alleges that he was housed in administrative segregation from

13  February 2, 2006 until June 23, 2006. (2ACP at 9:21-22.) Plaintiff filed this action on March 9, 2007,

14  (Doc. 1).

15      Plaintiff seeks documents showing that he was prevented from attending physical therapy

16  appointments while he was housed in segregation, and showing that he did not refuse appointments

17  on April 3, 2006 and April 10, 2006, as alleged by defendant Patel.  Plaintiff also seeks information

18  to establish a pattern of inmates being denied access to their medical appointments in that particular

19  segregation unit.  The log books may contain information relevant for these purposes.  However, the

20  burden of Defendants producing the documents requested by Plaintiff – copies of log entries from

21  December 2005 to March 2008 containing entry and exit data for all inmates, staff, and third parties

22  – and  redacting all medical and confidential information from the documents outweighs the benefit

23  to Plaintiff.[3]  There is no assurance that Plaintiff will find any relevant evidence in the log books,

24  particularly for the time period after the incidents at issue in the complaint were concluded.

25  Defendants have already provided Plaintiff with a copy of the January 27, 2006 log book pages.  In

26

27      [3]"The court may exclude relevant evidence whose probative value is substantially outweighed by a danger
of one of more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting
28  time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

1  addition, Plaintiff shall be allowed copies of the log book entries from January 28, 2006 until April

2  28, 2006.  Accordingly, within thirty days, Defendants shall provide to Plaintiff copies of the floor

3  officer log book entries for KVSP Facility-B Administrative Segregation from January 28, 2006 until

4  April 28, 2006, **with confidential information redacted**.

5  >    **RFP NO. 7:**

6         All documents detailing the conclusions reached by KVSP employees as a result of Plaintiff's

7         administrative appeal log no. KVSP-B-06-00377.

8         **RESPONSE TO RFP NO. 7:**

9         Defendant objects to this request on the grounds that it is compound, overbroad, and

10         vague because of the phrase "files and conclusions reached in the investigation."

11         Defendant further objects on the grounds that it seeks information that is not relevant

12         to Plaintiff's claim, the subject matter of this litigation, and is not calculated to lead

13         to the discovery of admissible evidence. Defendant further objects on the grounds that

14         this request seeks information which may contain information that is deemed

15         confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1)

16         endanger the safety of other inmates and staff of the CDCR, (2) jeopardize the security

17         of the institution, or (3) contain information that is deemed confidential by another

18         governmental agency. Defendant further objects to the disclosure of confidential

19         information on the grounds that an inmate shall not have access to information

20         designated confidential. Cal. Code Regs. tit. 15, § 3370(d). Notwithstanding

21         Defendant's objections, Plaintiff has a copy of filed inmate grievances, including the

22         staff complaint KVSP-B-06-00377, in his central file, and this includes non-

23         confidential reviews made by KVSP staff.  Plaintiff's central file is available for his

24         review through making an appointment with his correctional counselor.

25  **Arguments**

26         Plaintiff argues that this RFP is not compound, overbroad, or vague, because Plaintiff only

27  seeks the investigation reports and files relative to staff complaints against Defendants regarding their

28  use of force against him on January 27, 2006.  Plaintiff also argues that the requested information is

1  extremely relevant because it consists of the findings and conclusions reached by staff who

2  investigated Plaintiff's allegations of excessive force, which is the subject of this action.

3       Defendants assert that notwithstanding their objections on the ground that the requested

4  documents contain confidential information related to internal investigation of the staff complaint,

5  and after Plaintiff's clarification of his request, they are willing to have the Court conduct an *in*

6  *camera* review of any confidential relevant documents in their possession, custody, and control that

7  relate to KVSP-B-06-00377, if the Court orders the documents filed under seal for that purpose.

8       **Discussion**

9       The Court concurs with Plaintiff's assertion that the findings and conclusions reached by staff

10  who investigated Plaintiff's allegations of excessive force on January 27, 2006, are relevant to

11  Plaintiff's claim that Defendants used excessive force against him on January 27, 2006.  Plaintiff is

12  entitled to discover these documents to the extent they are not confidential.  Therefore, within thirty

13  days, Defendants shall submit copies of documents to the Court, under seal for *in camera* review,

14  responsive to Plaintiff's RFP 7 which requests the investigation reports and files relative to staff

15  complaint KVSP-B-06-00377 against Defendants regarding their use of force against him on January

16  27, 2006.

17  >   **RFP NO. 8:**

18       All CDCR and KVSP bulletins, directives, instructions, manuals, memoranda, policies, and

19       regulations concerning the proper use of non-lethal force, reporting use of force, investigating

20       the use of force, and preventing the excessive and unreasonable use of force.

21       **RESPONSE TO RFP NO. 8:**

22       Defendant objects to this request on the grounds that this request is overbroad because

23       it is not limited in time.  Defendant further objects on the grounds that Plaintiff

24       requests information that is not relevant to Plaintiff's claim nor is it calculated to lead

25       to the discovery of admissible evidence.  Defendant further objects to this request on

26       the grounds that the request seeks, in addition to publically available regulations

27       codified in the California Code of Regulations, any internal operating procedures that

28       if they exist, would be confidential, the disclosure of which could threaten all aspects

of prison security, including escapes, and attacks on other inmates or prison staff. Without waiving these objections, the CDCR use-of-force policies are codified in title 15, §§ 3268, 3268.1, 3268.2.  CDCR has training materials concerning the use-of-force policy in effect between January and April 2006, however, these materials are confidential because they disclose elevated coverage positions of correctional staff on prison yards that, if disclosed, could pose safety and security concerns.  KVSP does not maintain institution-specific use-of-force policies.

**Arguments**

Plaintiff argues that the policies and procedures concerning use of force are highly relevant to show whether such policies were violated in this case.

Defendants assert that the CDCR use-of-force policies are codified in title 15, §§ 3268, 3268.1, 3268.2, and after Plaintiff's clarification of his request and further inquiry, Defendants have obtained a non-confidential use-of-force training video that they will make available to Plaintiff for his review with his correctional counselor.  Defendants assert that no other non-confidential documents exist, and disclosure to inmates of tactics used by custody staff could thwart the efforts of custody staff to maintain safety and security of other staff and inmates within the institution. (Declaration of W. Adams, Doc. 105-2 ¶6.)

**Discussion**

Plaintiff is not entitled to discover documents whose disclosure to an inmate, such as Plaintiff, could risk the safety and security of staff and inmates at the prison.  As Defendants have agreed, they shall make available a non-confidential use of force training video to Plaintiff for his review with his correctional counselor.  Besides providing said video to Plaintiff, no further response to this RFP by Defendants is required.

> **RFP NO. 9:**

All CDCR and KVSP bulletins, directives, instructions, manuals, memoranda, policies, and regulations that instruct employees on the proper use of non-lethal force, and proper techniques of restraining, hoisting, and carrying an inmate who is not being violently resistant.

///

1      **RESPONSE TO RFP NO. 9:**

2              Defendant objects to this request on the grounds that this request is overbroad because

3      it is not limited in time. Defendant further objects on the grounds that Plaintiff

4      requests information that is not relevant to Plaintiff's claim nor is it calculated to lead

5      to the discovery of admissible evidence. Defendant further objects to this request on

6      the grounds that the request seeks, in addition to publically available regulations

7      codified in the California Code of Regulations, any internal operating procedures that,

8      if they exist, would be confidential, the disclosure of which could threaten all aspects

9      of prison security, including escapes, and attacks on other inmates or prison staff.

10     Without waiving these objections, the CDCR use-of-force policies are codified in title

11     15, §§ 3268, 3268.1, 3268.2.  KVSP does not maintain institution-specific use-of-

12     force policies, or institutional policies governing the use of physical holds. While

13     KVSP does have policies governing the application of restraints, these policies are

14     confidential since they relate to preventing inmate escapes.  Non confidential restraint

15     policy is found in title 15, section 3268.2.

16     **Arguments**

17             Plaintiff argues that the policies and procedures concerning application of restraints are highly

18     relevant to show whether such policies were violated in this case.

19             Defendants assert that CDCR non-confidential restraint policy is found in title 15, § 3268.2,

20     and that KVSP does not maintain institution specific policies governing the use of physical holds.

21     Defendants assert that while the CDCR does have policies governing the application of restraints, and

22     a state-wide restraint policy exists, these policies are confidential since they relate to preventing

23     inmate escapes, and their disclosure would impede custody staff's ability to maintain control during

24     inmate altercations, and potentially place other inmates and staff at risk of harm.  (Declaration of W.

25     Adams, Doc. 105-2 ¶6.) Defendants have obtained a non-confidential use of force training video that

26     they will make available to Plaintiff for his review with his correctional counselor.  Defendants assert

27     that no other non-confidential documents exist, and disclosure to inmates of tactics used by custody

28     ///

staff could thwart the efforts of custody staff to maintain safety and security of other staff and inmates within the institution.  (Id.)

**Discussion**

Plaintiff is not entitled to discover documents whose disclosure to an inmate, such as Plaintiff, could risk the safety and security of staff and inmates at the prison.  As Defendants have agreed, they shall make available a non-confidential use of force training video to Plaintiff for his review with his correctional counselor.  Besides providing said video to Plaintiff, no further response to this RFP by Defendants is required.

> **RFP NO. 11:**

Any and all documents generated by KVSP Facility-C staff from October 2005 to the present date, in which the term "passive resistance" or its likeness was cited by staff as a need for the use of force.

**RESPONSE TO RFP NO. 11:**

Defendant objects to this request on the grounds that this request is overbroad as to subject matter because it is not limited in time. Defendant further objects on the grounds that he requests information that is not relevant to Plaintiff's claim nor is it calculated to lead to the discovery of admissible evidence.  Defendant also objects to this request because it is oppressive and burdensome to attempt to locate and produce these documents for all inmates housed within KVSP and staff assigned to KVSP Facility C for the six year period between October 2005 and the present.  Defendant further objects on the grounds that disclosure of the information requested, if would violate the right of privacy of other inmates.  Defendant further objects to this request on the grounds that the request seeks, in addition to publically available regulations codified in the California Code of Regulations and the CDCR Department Operations Manual, any internal operating procedures that if they exist, would be confidential, the disclosure of which could threaten all aspects of prison security, including escapes, and attacks on other inmates or prison staff.  Without waiving these objections, any

///

16

1    CDC 837 Incident Packages relating to the use of force against Plaintiff and "passive

2    resistance" by Plaintiff are available for Plaintiff's review in his central file.

3    **Arguments**

4    Plaintiff argues that this RFP is not overbroad because it is limited in time and scope, and the

5    request is relevant because the documents may establish a pattern by the defendants of justifying the

6    use of excessive force against inmates because of passive resistance.  Plaintiff argues that the request

7    is not burdensome and oppressive because Defendants can simply review the KVSP Daily Activity

8    Reports for the relevant time period for instances when staff used force on an inmate and cross

9    reference those instances for the requested documents.  Plaintiff also challenges Defendants' assertion

10   that incident reports relating to use of force against Plaintiff are located in his central file.  Plaintiff

11   claims that he recently reviewed his central file and did not discover any such documents.

12   (Declaration of Gary Lacy, Doc. 99 at 14 ¶¶12, 13.)

13   Defendants argue that Plaintiff is seeking inadmissible character evidence, and the Court

14   should deny his request.  Defendants argue that Plaintiff ha not provided any rationale why his request

15   would prove a "habit" of Defendants under Federal Rule of Evidence 406.  Also, Defendants argue

16   that the request is oppressive and burdensome because it would require Defendants to search through

17   voluminous documents for all inmates and staff at KVSP Facility C for a seven-year period.

18   Defendants also argue that producing documents from other inmates' files would violate their right

19   of privacy.  Finally, Defendants inform Plaintiff that he is able to review any CDC 837 Incident

20   Packages relating to the use of force against Plaintiff in his central file.

21   **Discussion**

22   Defendants' objections to this RFP on the grounds that it is overbroad, burdensome, and of

23   questionable relevance are sustained.  Therefore, Defendants are not required to make any further

24   response to this RFP.

25   **IV.   CONCLUSION**

26   Based on the foregoing, IT IS HEREBY ORDERED that:

27   1.    Plaintiff's motion to compel, filed on December 7, 2011, is GRANTED IN PART;

28   ///

2.  Within thirty days from the date of service of this order, defendants Bremner, Brookwalter, Peacock, Correa, T. Reyna, and Tyson ("Defendants") shall provide to Plaintiff documents in response to Plaintiff's Request for Production of Documents No. 4, served on January 5, 2011, as instructed by this order;

3.  Within thirty days from the date of service of this order, Defendants shall submit documents **under seal** to the Court, for *in camera* review, in response to Plaintiff's Request for Production of Documents No. 7, served on January 5, 2011, as instructed by this order;

4.  Within thirty days from the date of service of this order, Defendants shall provide to Plaintiff a non-confidential use-of-force training video for his review with his correctional counselor, in response to Plaintiff's Requests for Production of Documents Nos. 8 and 9, served on January 5, 2011, as instructed by this order; and

5.  All discovery in this action is now closed.


IT IS SO ORDERED.

**Dated:    September 7, 2012            /s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE