1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9   GARY ANDRE LACY,                    )        1:07-cv-00381-LJO-GSA-PC
                                         )
10              Plaintiff,               )        FINDINGS AND RECOMMENDATIONS
                                         )        TO DENY PLAINTIFF'S MOTION FOR
11       vs.                             )        SUBSTITUTION OF PARTIES, AND TO
                                         )        DISMISS DEFENDANT R. REYNA FROM
12   H. TYSON, et al.,                   )        THIS ACTION WITH PREJUDICE
                                         )        (Doc. 92.)
13              Defendants.              )
                                         )        OBJECTIONS, IF ANY, DUE IN THIRTY
14                                       )        DAYS
   _____)

15

16  **I.      BACKGROUND**

17          Gary Andre Lacy ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action

18  pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 9, 2007.

19  (Doc. 1.) This action now proceeds on the Second Amended Complaint, filed on April 28, 2009, against

20  defendants Correctional Officers R. Reyna, T. Reyna, and N. Correa; Correctional Sergeants J. Peacock,

21  M. Bremnar, and M. Brookwalter; Captain H. Tyson; Medical Technician Assistant (MTA) Aspetitia;

22  and Doctor I. Patel; on Plaintiff's claims for excessive force, retaliation, and deliberate indifference to

23  serious medical needs, based on events beginning in January 2006.[1]  (Doc. 16.)

24          On October 19, 2009 and January 21, 2011, the Court issued orders directing the United States

25  Marshal ("Marshal") to serve process upon defendants in this action.  (Docs. 23, 55.)  On March 31,

26  _____

27      [1]Defendants Dill and Heanacho were dismissed by the Court on August 27, 2009.  (Doc. 17.)  Plaintiff's claims for
    equal protection, and for retaliation against defendant Dill, were also dismissed by the Court, for failure to state a claim.  Id.

28                                          1

2011, the Marshal returned the USM-285 Form for defendant R. Reyna with a notation that the facility reported he was deceased.  (Doc. 67.)  On September 7, 2011, the Court issued an order requiring Plaintiff to show cause why defendant R. Reyna should not be dismissed based on the report that the defendant was deceased.  (Doc. 75.)  On October 3, 2011, Plaintiff responded to the Court's order, objecting to the dismissal of defendant R. Reyna and requesting time to file a Rule 25 motion for substitution of parties.  (Doc. 80.)  On November 30, 2011, Plaintiff filed a motion to substitute defendant R. Reyna's estate as a party to this action, pursuant to Rule 25.  (Doc. 92.)  No response to the motion has been filed.

Plaintiff's motion for substitution of parties is now before the Court.

## II.    RULE 25 - SUBSTITUTION OF PARTIES

Rule 25(a)(1) of the Federal Rule of Civil Procedure provides:

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  The motion for substitution may be made by any party or by the decedent's successor or representative.  If motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."

Fed. R. Civ. P. 25(a)(1).  Rule 25(a) authorizes the substitution of proper parties when an existing party dies after the suit is commenced.  Id.  Rule 25 leaves the substitution decision to the trial court's sound discretion.  In re Bernal, 207 F.3d 595, 598 (9th Cir. 2000); Fed. R. Civ. P. 25 advisory committee's note (1963) (substitution "will ordinarily be granted" but rule gives trial court discretion to account for potential unfairness or prejudice).

**Plaintiff's Motion**

Plaintiff seeks to substitute defendant R. Reyna's estate in place of defendant R. Reyna, as a party to this action pursuant to Rule 25(a).  Plaintiff asserts that after investigation, he received information in the mail identifying Yolanda Reyna as the representative of R. Reyna's estate.  (Declaration of Gary Lacy, Doc. 93 ¶6.)  Plaintiff requests an order directing the United States Marshal to initiate service of process upon defendant R. Reyna's representative at the address provided by Plaintiff.

///

///

2

**Discussion**

Plaintiff has not informed the court of the date of defendant R. Reyna's death.  However, the court has received confidential documentation from Kern Valley State Prison indicating that employee Correctional Officer Robert Lovato Reyna died on June 10, 2006, survived by his wife, Yolanda Reyna.

Rule 25(a) authorizes the substitution of proper parties when an existing party dies *after* the suit is commenced, but does not address situations where the death occurred *before* the suit was filed.  Fed. R. Civ. P. 25(a) ; see Hammond v. Federal Bureau of Prisons, 740 F. Supp. 2d 105, 109-110 (D.D.C. 2010); Darmanchev v. Roytshteyn, 234 F.R.D. 78, 80 (E.D. Pa. 2005).  While the Ninth Circuit has not addressed this issue, courts have held, as a rule, that the substitution of parties cannot be ordered in conformance with Rule 25(a)(1) where the person for whom substitution is sought died prior to being named a party.  Davis v. Cadwell, 94 F.R.D. 306, 307 (D.Del.1982);  Mizukami v. Buras,419 F.2d 1319 (5th Cir. 1969) (rule allowing substitution for deceased party where claim is not extinguished by his death was not available to plaintiff in death action where defendant predeceased filing of action); Moul v. Pace, 261 F.Supp. 616 (D.C.Md.1966) (rule permitting substitution of proper party upon death of a party was not applicable in automobile accident action as to one defendant who was dead at time suit was filed.); Goldlawr, Inc. v. Shubert, 175 F.Supp. 793 (S.D.N.Y.1959), appeal dismissed 273 F.2d 729, affirmed 288 F.2d 579, certiorari granted 368 U.S. 810, 82 S.Ct. 33, reversed on other grounds 369 U.S. 463, 82 S.Ct. 913 (it is doubtful whether this rule dealing with substitution of parties in the event of death may be invoked to authorize substitution of executors for a defendant who neither appeared nor was served with process); Chorney v. Callahan, 135 F.Supp. 35 (D.C.Mass.1955) (where negligence action had been commenced against a named defendant who was already dead and subsequently an amendment was allowed substituting deceased's administrator as a party defendant, amendment was ineffectual to substitute a party); Laney v. South Carolina Dept. of Corrections, No. CA 4:11-3487-JMC-TER, 2012 WL 4069680 (D.S.C., May 8, 2012) (Rule 25 is not applicable in this case because Plaintiff sues a person who was already dead, and not a person who was a proper party and served with process prior to dying) (citing Mizukami, 419 F .2d at 1320); Chorney v. Callahan, 135 F.Supp. 35, 36 (D.C.Mass. 1955) (when a case is filed naming a deceased person as a defendant, "[a]t that point the

purported action was a nullity, for a dead man obviously cannot be named party defendant in an action."); <u>Davis v. Cadwell</u>, 94 F.R.D. 306, 307 (D.Del.1982) (the substitution of parties cannot be ordered in conformance with Rule 25(a)(1) where the person for whom substitution is sought died prior to being named a party).

Based on the evidence received by the court indicating that defendant R. Reyna died on June 10, 2006, prior to the commencement of this action on March 9, 2007, the Court finds that defendant R. Reyna's estate may not be substituted as a party to this action under Rule 25(a), and Plaintiff's motion must be denied.

## III.    RECOMMENDATIONS AND CONCLUSION

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motion for substitution of parties, filed on November 30, 2011, be denied, and that defendant R. Reyna be dismissed from this action with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 19, 2012**                    /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

4