# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ANDRE LACY, | 1:07-cv-00381-LJO-GSA-PC |
| Plaintiff, | ORDER RESOLVING MOTION TO COMPEL (Doc. 99.) |
| vs. | |
| H. TYSON, et al., | ORDER FOLLOWING IN CAMERA REVIEW OF DISCOVERY DOCUMENTS (Doc. 129-5.) |
| Defendants. | ORDER FOR DEFENDANTS TO PROVIDE REDACTED COPY OF DOCUMENT TO PLAINTIFF WITHIN TWENTY DAYS, WITH PROOF OF SERVICE TO COURT |

**I.   RELEVANT PROCEDURAL HISTORY**

Gary Andre Lacy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on the Second Amended Complaint, filed on April 28, 2009, against defendants Correctional Officers ("C/O") T. Reyna and N. Correa; Correctional Sergeants ("Sgt.") J. Peacock, M. Bremnar, and M. Brookwalter; Captain ("Cptn.") H. Tyson; Medical Technician Assistant ("MTA") Aspeitia; and Doctor I. Patel; on Plaintiff's claims for excessive force, retaliation, and deliberate indifference to serious medical needs.[1]  (Doc. 16.)

---

[1] On August 27, 2009, the Court dismissed Plaintiff's equal protection claim from this action based on Plaintiff's failure to state a claim. (Doc. 17.) The Court also dismissed defendants Dill and Heanacho from this action based on Plaintiff's failure to state any claims against them. Id.  On November 5, 2012, the Court dismissed defendant R. Reyna from this action, with prejudice, based on notice of his death on the record. (Doc. 132.)

1    On December 7, 2011, Plaintiff filed a motion to compel production of documents. (Doc. 99.)
2 On September 10, 2012, the Court entered an order granting the motion to compel in part and
3 requiring Defendants to "submit copies of documents to the Court, under seal for *in camera* review,
4 responsive to Plaintiff's [Request for Production of Documents No.] 7 which requests the
5 investigation reports and files relative to staff complaint KVSP-B-06-00377 against Defendants
6 regarding their use of force against him on January 27, 2006." (Doc. 126 at 13:13-16.) On October
7 8, 2012, Defendants submitted documents to the Court under seal. (Doc. 129-5.) The Court has
8 conducted an *in camera* review of the documents and now enters this order.

9  **II.    PLAINTIFF'S EXCESSIVE FORCE CLAIMS**

10   Plaintiff now proceeds on claims for excessive force, retaliation, and deliberate indifference
11 to serious medical needs. With respect to Plaintiff's claims for excessive force, Plaintiff alleges as
12 follows in the Second Amended Complaint.

13   On January 27, 2006, Plaintiff was escorted to the program office to be assaulted by officers.
14 Once Plaintiff was inside the program office, he was "shoved" inside the holding cage and strip
15 searched. C/O R. Reyna (not a defendant) and C/O Correa "twisted and jerked" Plaintiff's arms high
16 in the air, causing pain. Plaintiff then told defendants Sgt. Peacock, Sgt. Bremnar, Sgt. Brookwalter,
17 and C/O T. Reyna that he was just assaulted. Defendant Cptn.Tyson was notified of Plaintiff's
18 allegation and, while Cptn. Tyson stood in the hallway "supervising," Plaintiff was slammed into the
19 walls and to the ground by Sgt. Peacock, Sgt. Bremnar, Sgt. Brookwalter, C/O R. Reyna, and C/O T.
20 Reyna. Sgt. Brookwalter, Sgt. Bremnar, C/O R. Reyna, and C/O T. Reyna then dragged Plaintiff out
21 of the holding cage by his hands and arms across the ground into the hallway where Plaintiff was
22 hoisted into the air and carried across the yard. Sgt. Brookwalter, Sgt. Bremnar, C/O R. Reyna, and
23 C/O T. Reyna dropped Plaintiff on his torso in front of housing unit #3.

24   While Plaintiff was on the ground, Sgt. Brookwalter twisted Plaintiff's shoulder and left arm
25 back and upwards, as Sgt. Bremnar pinned Plaintiff's right arm against the concrete and C/O R.
26 Reyna and C/O T. Reyna pressed their knees into Plaintiff's legs and lower back. Sgt. Brookwalter
27 then ordered Plaintiff to stand while violently twisting Plaintiff's arm. Sgt. Bremnar lifted Plaintiff
28

2

up and he was carried to his housing unit where he was sent face first through the open hall window and punched in the ribs by C/O R. Reyna. Plaintiff was then forced into his cell.

### ***Excessive Force Claim - Legal Standard***

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). . "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

### III.    PLAINTIFF'S RFP NO. 7

In his Request for Production of Documents ("RFP") No. 7, Plaintiff requests: "All documents detailing the conclusions reached by KVSP employees as a result of Plaintiff's administrative appeal log no. KVSP-B-06-00377." (Declaration of Gary Lacy, Doc. 99 at 19 (Exh. A.)) By this RFP, Plaintiff seeks to discover "the findings and conclusions reached by staff who investigated Plaintiff's allegations of excessive force, which is the subject of this action." (Motion to Compel, Doc. 99 at 8 ¶D.) Plaintiff states that he "only seeks the investigation reports and files relative to staff complaint against the defendants regarding their use of force against him on January 27, 2006," for the purpose of determin[ing] the conclusions reached by CDCR staff as a result of their interviews with witnesses and the defendants." (emphasis added) (Id. at 13 ¶7.)

### IV.    DISCUSSION

The Court has conducted an *in camera* review of the 113 pages of documents, some duplicative, submitted under seal by Defendants in response to Plaintiff's RFP No. 7. The documents

include copies of investigative reports and accounts of confidential interviews conducted in response to Plaintiff's Staff Complaint KVSP-B-06-00377, in which Plaintiff alleges a physical assault on Plaintiff by officers on January 27, 2006, and denial of medical care afterward.  A copy of a Memorandum addressed to Plaintiff, dated in February 2007, is included, addressing the Staff Complaint and partially granting Plaintiff's appeal at the Second Level of review by conducting an inquiry into Plaintiff's allegations.  The Court found that the inquiry considered the circumstances surrounding the events, persons who were present as actors or witnesses, testimony obtained through interviews, and other documentation.  Many of the documents contain names of investigators and witnesses and could jeopardize the privacy and safety of individuals if the documents were made public.

The Court finds it relevant to Plaintiff's excessive force claims whether the prison's investigation concluded that excessive force had been used against Plaintiff during the incident on January 27, 2006.[2]  Thus, Plaintiff is entitled to documentation reflecting the investigators' conclusions following the investigation.[3]  Therefore, Defendants shall be required to provide Plaintiff with a copy of page 9 (Bates Stamp 000006) of Attachment C to the Appeal Inquiry of Plaintiff's Appeal Log Number KVSP-B-06-00377, concerning the January 27, 2006 incident, signed by the Appeals Interviewer on April 11, 2007, which includes the statement:

> "Based on the foregoing, this reviewer suggests the aforementioned allegations of staff conduct are unfounded.  As such, I advocate this appeal be PARTIALLY GRANTED at the second level of review.  An inquiry into this matter has been initiated and concluded.  No further inquiry appears warranted at this time."  (Bates Stamp 000006.)

Before sending the document to Plaintiff, Defendants shall redact any confidential information from the page that if made public, could jeopardize the privacy and safety of individuals.  Defendants must also file proof of service with the Court.

---

[2] "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action."  Fed. R. Evid. 401.

[3] "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, ... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action[, and r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

4

**V.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Within twenty days of the date of service of this order, Defendants shall send Plaintiff a copy of one document (Bates Stamp 000006), as instructed above, with proof of service filed at the Court; and

2. This order resolves Plaintiff's motion to compel production of documents filed on December 7, 2011 (Doc. 99.).


IT IS SO ORDERED.

Dated:   **January 17, 2013**                         /s/ **Gary S. Austin**
                                                                       UNITED STATES MAGISTRATE JUDGE

5